United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50983
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALFONSO DORANTES-POZOS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:06-CR-41-2
--------------------

Before KING, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:[*]

Alfonso Dorantes-Pozos (Dorantes) appeals his conviction for

aiding and abetting the possession with intent to distribute more

than 100 kilograms but less than 1,000 kilograms of marijuana, in

violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Dorantes

argues first that the district court erroneously admitted

evidence of an incriminating statement given in an impermissible

second interrogation after he had invoked his right to remain

silent. Dorantes was advised of his Miranda[**] rights upon his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Miranda v. Arizona, 384 U.S. 436 (1966).

arrest and was not interrogated again for five to seven hours, at which point he was re-advised of his rights before he gave his statement. There is no indication that police repeatedly interrogated him or ignored his invocation of his rights or otherwise coerced him in between interrogations, and we conclude that Dorantes's right to cut off questioning was scrupulously honored. See Michigan v. Mosley, 423 U.S. 96, 104 (1975); see also Kelly v. Lynaugh, 862 F.2d 1126, 1130-31 (5th Cir. 1988).

Dorantes further argues that the evidence was insufficient to support his conviction for aiding and abetting because there was no evidence that he shared in the criminal intent to possess marijuana or that he sought to make the venture successful. A jury could conclude from the evidence that Dorantes stole a vehicle to assist his codefendant in an illegal venture that required them to meet several illegal aliens near the border. Dorantes was to be paid $500 for his efforts. Dorantes drove part of the way and then spoke with the aliens by cell phone just before the meeting. The aliens loaded the marijuana into the vehicle in plain view. The codefendant gave a statement to police that he had been instructed to drive to a hotel and wait with the marijuana. When the aliens and the marijuana were loaded into the vehicle, Dorantes and the codefendant drove eight or nine miles before they were stopped by the Border Patrol. When viewed as a whole and in the light most favorable to the Government, the evidence supports the conviction. See Jackson v.

Virginia, 443 U.S. 307, 319 (1979); United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Finally, Dorantes argues that the district court erroneously instructed the jury on flight. The evidence showed that when the Border Patrol stopped the vehicle, Dorantes and several occupants ran from the car. It is inferrable from the sequence of events that Dorantes fled because of guilt related to the marijuana and because he felt guilt in having aided and abetted the possession of marijuana. The district court's instruction was not erroneous. See United States v. Martinez, 190 F.3d 673, 678 (5th Cir. 1999).

AFFIRMED.